MARY K. O'MELVENY
STEPHEN KOSLOW
Communication Workers of America, AFL-CIO
501 3rd Street NW
Washington, D. C. 20001
Telephone 202.434.1234
Fax 202.434.1219

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| VERIZON SERVICES ORGANIZATION INC., <br><br> Plaintiff and Counterdefendant, <br><br> v. <br><br> COMMUNICATIONS WORKERS OF AMERICA, AFL-CIO, <br><br> Defendant and Counterclaimant. | No.   1:07 cv 00834 RWR <br><br> ANSWER TO COMPLAINT AND COUNTERCLAIM |

Defendant and Counterclaimant Communications Workers of America, AFL-CIO, by and through its undersigned counsel, states as follows in answer to the Complaint filed by Plaintiff Verizon Services Organization, Inc., and in support of its counterclaim against Plaintiff.

With respect to the allegations titled "Nature of The Action" this Defendant admits that the paragraph accurately describes in general the claims made by the Plaintiff.

1.   As to the allegations contained in Paragraphs 1, 2, 3, 4, 5 and 6, Defendant admits those allegations.

2.   As to the allegations contained in Paragraphs 7 through 15, Defendant admits that these allegations generally describe the Memorandum of Agreement

entered into by the Plaintiff and the Defendant (the "MOA"). The MOA, however, is a written document and its terms are specifically stated therein. The MOA is attached as Exhibit 1 to the Complaint. To the extent that the MOA is inconsistent with the allegations of the Complaint, Defendant avers that the terms of the MOA would prevail.

3. As to the allegations contained in Paragraphs 16 and 17, Defendant denies those allegations.

4. As to the allegations contained in Paragraph 18, Defendant admits those allegations.

5. As to the allegations contained in Paragraph 19, Defendant admits that in part Plaintiff has accurately quoted from a Decision issued in 2005 by the Third Party Neutral ("TPN"). Defendant otherwise denies the allegations of Paragraph 19.

6. As to the allegations contained in Paragraphs 20, 21 and 22, Defendant denies that these allegations accurately describe the facts relating to what happened with respect to the election campaign. In fact, Plaintiff engaged in repeated activity intended to thwart and undermine the election process up to and including the day of the election. Plaintiff's conduct violated the MOA in various respects, as described in Exhibit 3 to the Complaint. Defendant avers, however, that the activities and events occurred during the course of the election campaign and their import are matters to be resolved by the TPN under the explicit terms of the MOA.

7. As to the allegations of Paragraph 23, Defendant admits that a letter dated April 25, 2007 was sent, thus invoking the jurisdiction of the TPN to resolve the disputes raised in that letter. Defendant further admits that Exhibit 3 is that letter.

8. As to the allegations of paragraph 24, Defendant admits that on May 4, Plaintiff sent a letter refusing to agree that the TPN had the authority to resolve the disputes raised in Exhibit 3. A copy of that letter of May 4, 2007, is attached as

Exhibit 1 to the Counterclaim. Otherwise, Defendant denies the remaining allegations of Paragraph 24.

## COUNT ONE

9. With respect to Count One, Defendant incorporates herein by reference the answers to Paragraphs 1 through 24 of the Complaint.

10. Defendant denies the allegations in Paragraph 26. To the contrary, Defendant avers that the dispute is plainly arbitrable by the third-party neutral under well-established principles of Federal Labor Law developed under 29 U.S.C. § 185, and under the broad dispute resolution procedure contained in Section 8 of Exhibit 1, the MOA.

11. With respect to the allegation in Paragraph 27, Defendant respectfully requests that this Court enter the appropriate judgment compelling Plaintiff to submit the dispute raised in Exhibit 3 over the Plaintiff's conduct to the TPN for exclusive and binding resolution under the terms of the MOA.

WHEREFORE, Defendant requests that this Court enter a Declaratory Judgment that the matter is arbitrable, and, pursuant to the Counterclaim, direct that the Plaintiff, Verizon Services Organization, immediately submit the dispute described in Exhibit 3 to the TPN for binding and final resolution as required by MOA. Defendant furthermore requests that this Court grant such other and further relief as to this Court seen just and proper.

## COUNTERCLAIM

1. Counterclaimant incorporates by reference the allegations of Paragraphs 1 through 6 of the Complaint. Jurisdiction also exists pursuant to 28 U.S.C. § 1337.

2. In 2007, Counterclaimant conducted an election campaign at the Long Beach MCOW facility. An election was held on April 20, 2007 and the Third-

Party Neutral ("TPN") issued a vote count indicating that CWA lost the election.

3. On April 25, 2007, Plaintiff sent a letter to the Counterdefendant and the TPN requesting an arbitration hearing to address the conduct by the Counterdefendant during the course of the election campaign which was in violation of the MOA. That letter is attached as Exhibit 3 to the Complaint.

4. Thereafter, on May 4, the Counterdefendant notified Counterclaimant and the TPN that it would not agree to arbitrate the dispute referred to in Exhibit 3, asserting that it was not substantively arbitrable. This notification was set forth in a letter dated May 4, 2007, which is attached as Exhibit A to this Counterclaim. Counterdefendant has refused to submit the dispute described in Exhibit 3 concerning the conduct of the election described above to the TPN for resolution.

5. The arbitration procedure set forth in the MOA provides for "Dispute Resolution," and encompasses all "[q]uestions or disputes during the course of an organizing effort...." The MOA also states that "[t]he parties agree that the process set forth herein shall be the exclusive means for resolving disputes covered by this dispute resolution process...." Section 8 of Exhibit 1.

6. The disputes raised about the conduct of Counterdefendant during the election process including up to the day of election clearly fall within the category of disputes which the TPN is empowered to resolve under the terms of the MOA.

      Wherefore Counterclaimant requests that this Court issue an Order directing that Counterdefendant submit immediately to the TPN, the dispute described in Exhibit 3. Counterclaimant furthermore seeks such other and further relief as to this Court deems just and proper including attorney's fees and costs.

Dated: May 16, 2007

                                      By: /s/Stephen Koslow

                                      STEPHEN KOSLOW
501 3rd Street NW
Washington, D. C. 20001
Telephone 202.434.1234
Fax 202.434.1219

DC BAR NO. 424700
D.C. FED. DIST. CT. 46881


DAVID A. ROSENFELD, Bar No. 058163
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501-1091
Telephone 510.337.1001
Fax 510.337.1023


Attorneys for Defendant and Counterclaimant
COMMUNICATIONS WORKERS OF
    AMERICA, AFL-CIO,

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of May, 2007, a copy of the foregoing Answer to Complaint and Counterclaim was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system:

                                                  /s/Stephen Koslow

                                         Attorney for Defendant and Counterclaimant

**Exhibit A to Defendant CWA's Counterclaim**

**No. 1:07 cv 00834 RWR**

**Communications
Workers of America**
AFL-CIO, District 9

12215 Telegraph Rd., Ste. 210
Santa Fe Springs, CA  90670
562-944-1300 • Fax 562-944-0088

Tony Bixler
Vice President



Via Email and Mail

April 25, 2007

Paul Gwaltney, Director
Verizon Labor Relations
112 Lakeview Canyon Road CA501HL
Thousand Oaks, CA  91362

Louis M. Zigman, Esq.
473 South Holt Avenue
Los Angles, CA 90048

Dear Mr. Gwaltney and Mr. Zigman:

     The Communications Workers of America, AFL-CIO (CWA), hereby notices and files the following protest and objections to the conduct of Verizon Communications in connection with the union representation consent election in the MCOW unit at 5000 Airport Plaza Drive, Long Beach, California on April 20, 2007.

     The following conduct by the employer interfered with the employees' freedom of choice in the election.  The employer's conduct violated the intent and express provisions of the National Memorandum of Agreement on Neutrality and Consent Election ("NCE MOA") between the parties, governing union organizing, access to employees and the code of conduct applicable to the parties prior to consent elections.  The conduct of the employer set forth below, so interfered with the ability of the employees in the MCOW unit to be fully informed and choose, free from coercion, and so violated the employer's commitment to neutrality that the election must be set aside.  CWA has made repeated attempts to resolve the company's violations of the NCE MOA with Verizon's management and Labor Relations staff.  Despite CWA's good faith efforts to resolve these matters, the company continued to violate the NCE MOA, and created an environment where a fair election could not take place.  The following conduct by Verizon management interfered with the employees' freedom of choice, violated the neutrality commitment of the employer and breached the provisions of the NCE MOA.



Mr. Paul Gwaltney and
Louis M. Zigman, Esq.
April 24, 2007
Page 2 of 4

1.  On March 27, 2007, the Company, through its management team, began its first "communication" to the MCOW unit employees about CWA's interest in organizing them and of the Company's intentions during the organizing campaign. In this communication, the Company referred to the recent "changes" (decreases) in the employees' compensation and benefits as "inevitable" and that there is "no silver bullet" to roll back such changes. By this first unilateral communication, the company put the employees on notice that it was hopeless for them to expect that the union could negotiate improvements to their compensation and benefits. This conduct violates the intent of the NCE MOA as well as the express provisions of paragraphs 1 and 2.

2.  On March 30, 2007, the Company, through its Management Team distributed another flyer in which it falsely stated that "The Union has distributed four communications". The Company, though knowing that it was certain MCOW employees who had distributed flyers on March 13 and March 14, used this occasion to attribute the contents of the flyers to the Union and accuse the Union of "misinformation". In addition, the Company began in this flyer to unequivocally tell employees that "it would be the Company's position in collective bargaining that you will not be absorbed into an existing Verizon-California contract". By such a stance, which the Company reiterated many many times in its campaign literature and e-mails during the entire time before the election, the Company threatened the employees that bargaining over this important issue would be fruitless. The Company, by these repeated statements, told employees that, even before any bargaining had begun, that its position on this matter was fixed. This conduct violated the intent of the NCE MOA as well as paragraphs 1 and 2. The Union first objected to this on March 30, 2007, and continued to object throughout the campaign.

3.  From April 5, 2007 through April 19, 2007, the company, through its management team, wrote and distributed numerous "q's and a's" purporting to answer questions allegedly asked by MCOW employees. The same "q's and a's" were distributed multiple times to all employees even though the alleged questions did not emanate from all the employees in the MCOW unit. In these "q's and a's", the Company reiterated its false accusations against the Union for purportedly distributing flyers with misinformation as well as its statements concerning its position that employees would not be made part of the core contract. In addition, within the "questions" purportedly submitted by employees, statements are incorrectly attributed to the Union and are incorrectly "answered" by the Company. Further, the Company's "answers" to questions consistently suggest that any improvement to employees' wages, benefits and working conditions as a result of unionization are speculative while any detriment to them is likely.

4.  The Company failed on a timely basis to provide the Union and the TPN the list of names, etc. as provided in paragraph 6(2) of the NCE MOA.

Mr. Paul Gwaltney and
Louis M. Zigman, Esq.
April 24, 2007
Page 3 of 4

5.  From March 23rd forward, the Company prohibited the MCOW employees from using the Company's internal e-mail system for communicating with each other for other than job-related messages although, prior to the union organizing campaign, no such prohibition existed. By this conduct, the Company punished the employees as a result of the union organizing campaign.

6.  From April 10, forward, the Company prohibited bargaining unit employees from distributing literature about the election in the work area before employees began work. This conduct violated paragraphs 2 and 6 and the overall intent of the NCE MOA.

7.  The Company prohibited bargaining unit employees from discussing election-related matters on the work floor during work hours while management employees engaged in anti-union discussions during these same times and places. This violates the intent of the NCE MOA, as well as paragraphs 2 and 6.

8.  The Company failed to timely share with the Union its numerous communications to employees in violation of paragraphs 2 and 6 of the NCE MOA. The Union repeatedly objected to this practice.

9.  In addition to the Company's statements concerning its "position" against the placement of bargaining unit employees in the core contract, the Company on April 11, 2007 also told these employees that even prior to the start of any bargaining with the union that pension accruals for Coordinators would not continue after December 31, 2007. These statements led employees to believe that voting for the union was useless.

10. On April 19 and April 20, on the eve and day of the election, management actively went from employee to employee to campaign against the union during work hours and on the work floor. This conduct violated paragraphs 2 and 6 as well as the intent of the NCE MOA. The Union protested this conduct.

11. The above conduct evidences that:

   a)  The Company took an anti-union position and campaigned against the Union throughout the organizing time period prior to the election;

   b)  The Company advocated that employees should not vote for the Union;

   c)  The Company disparaged the Union throughout the organizing campaign;

Mr. Paul Gwaltney and
Louis M. Zigman, Esq.
April 24, 2007
Page 4 of 4

    d)    The Company denied reasonable access to the Union to fairly inform the employees of the consequences of their vote;

    e)    By these actions, the Company prevented the employees from making an informed decision free from coercion in the election in violation of the intent and express provisions of the NCE MOA.

As a result of all of the above, CWA respectfully requests that the results of the election held on April 20, 2007 be set aside, that the above violations of the NCE MOA be remedied by appropriate measures, and that a new election be directed for the employees in the MCOW unit once the Company's violations of the NCE MOA have been remedied so that a new election may be conducted in an environment of neutrality, free of coercion.

CWA is filing these objections with the third party neutral, Mr. Louis Zigman, within the seven days of the election, as set forth in the National Labor Relations Act for elections conducted under the provisions of the Act.

CWA hereby submits the above disputes to Mr. Zigman as provided for in the NCE MOA and asks that he proceed with the dispute resolution process set forth in the NCE MOA including setting a hearing during which the parties may have a full opportunity to present their positions and supporting factual information and during which CWA will present evidence in support of its objections to the election, and in support of its request for remedial relief and a new election.

Sincerely yours,

*[signature]*

Mark Bixler
Area Director

MB/mgl
OPEIU-3-AFL-CIO

c: Tony Bixler
   Gregg Gibson
   David Rosenfeld
   Judy Belsito
   Ed Sabol