UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---------------------------------------------------X
VERIZON SERVICES
ORGANIZATION INC.,
       Plaintiff,

v.

COMMUNICATIONS WORKERS OF
AMERICA, AFL-CIO,

       Defendant.
---------------------------------------------------X

Civil Action No. 1:07 cv 00834 RWR

## PLAINTIFF'S ANSWER AND DEFENSES TO DEFENDANT'S COUNTERCLAIM

Plaintiff and Counterclaim Defendant, Verizon Services Organization Inc. ("Verizon"), by and through its undersigned attorneys, hereby responds to the Counterclaim of Defendant and Counterclaim Plaintiff, Communications Workers of America, AFL-CIO ("CWA"), as follows:

### ANSWER

1. Verizon admits that the Court has jurisdiction of this matter. Verizon denies the remaining allegations in Paragraph 1 of the Counterclaim.

2. Verizon admits the allegations in Paragraph 2 of the Counterclaim.

3. Verizon admits that CWA sent to Verizon the letter attached as Exhibit 3 to the Complaint. Verizon avers that the letter speaks for itself. Verizon denies the remaining allegations in Paragraph 3 of the Counterclaim.

4. Verizon admits that its counsel sent the letter attached as Exhibit A to the Counterclaim. Verizon avers that the letter speaks for itself. Verizon further admits that it has refused to arbitrate CWA's post-election objections because those objections are not substantively arbitrable under the Memorandum of Understanding ("MOA").

WAI-2828635v2

5.      Verizon admits that the MOA contains the language quoted in Paragraph 5 of the Counterclaim. Verizon avers that the terms of the MOA speak for themselves.

6.      Verizon denies the allegations in Paragraph 6 of the Counterclaim.

Verizon denies that CWA is entitled to the relief requested in the WHEREFORE paragraph of the Counterclaim or to any relief of any kind whatsoever.

## FIRST DEFENSE

The Counterclaim fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

CWA's post-election objections are not substantively arbitrable because such objections are not covered by the dispute resolution provisions in the MOA.

Verizon expressly reserves the right to raise any additional defenses that may arise or be developed as the litigation proceeds.

Dated:  June 6, 2007

                                             Respectfully submitted,

                                               /s/ Thomas M. Beck
                                             Willis J. Goldsmith (D.C. Bar No. 945956)
                                             Thomas M. Beck (D.C. Bar No. 437680)
                                             JONES DAY
                                             51 Louisiana Avenue, N.W.
                                             Washington D.C.  20001-2113
                                             Phone:  (202) 879-3939
                                             Fax:  (202) 626-1700

                                             Attorneys for Plaintiff Verizon
                                             Services Organization Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2007, a copy of the foregoing Answer was electronically filed. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

                                        /s/ Tonya Osborne