UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
-------------------------------------------------------X
VERIZON SERVICES                                       :
ORGANIZATION INC.,                                     :
                Plaintiff,                             :
                                                       :   Civil Action No. 1:07 cv 00834 RWR
v.                                                     :
                                                       :
COMMUNICATIONS WORKERS OF                              :
AMERICA, AFL-CIO,                                      :
                                                       :
                Defendant.                             :
-------------------------------------------------------X
```

**VERIZON'S REPLY BRIEF IN SUPPORT OF ITS
MOTION TO RECONSIDER THE STAY OF DISCOVERY**

In response to the Opposition brief submitted by Defendant and Counterclaim Plaintiff Communications Workers of America, AFL-CIO ("CWA"), Plaintiff and Counterclaim Defendant Verizon Services Organization Inc. ("Verizon"), through its undersigned attorneys, hereby submits its Reply Brief in Support of its Motion to Reconsider the Stay of Discovery.

**I. PRELIMINARY STATEMENT**

The issue presently before this Court is whether the Court should lift the stay of discovery and afford Verizon the opportunity to develop evidence that bears directly on the contract interpretation dispute that is central to this case. Specifically, Verizon seeks the opportunity to depose two witnesses who can substantiate information Verizon has obtained indicating that CWA previously has admitted that agreements like the Memorandum of Agreement ("MOA") involved in this case do not authorize arbitration of post-election objections.

In its Opposition, CWA ignores the abundant authority that Verizon has cited recognizing that such extrinsic evidence is properly considered where it can demonstrate the intent of the

parties, or when it is helpful in determining the meaning of contract language that is ambiguous or silent on the particular situation that has arisen. Instead, CWA makes irrelevant arguments relating to the weight the Court should accord this evidence in disposing of the ultimate contract interpretation dispute rather than the immediate question of whether Verizon should be permitted to explore this relevant evidence. The Court should reject each of these arguments and grant Verizon the limited discovery requested in its Motion.

## II.  ARGUMENT

### A. CWA's Procedural Arbitrability Argument Is Better Left For Its Dispositive Motion On The Ultimate Arbitrability Issue To Be Decided In This Case, Not The Discovery Issue Presently Before This Court

CWA's first argument attempts to characterize the ultimate contract interpretation dispute in this case as presenting a timeliness issue that is "'procedural' rather than 'substantive'" and should be – or already has been – decided by the arbitrator. CWA's focus on the distinction between procedural and substantive arbitrability is a red herring for several reasons.

First, that the ultimate disposition of this case may turn, in part, on the distinction between procedural and substantive arbitrability does not militate against the Court allowing discovery. To the contrary, the Court should permit the limited discovery sought because, as the authorities CWA cites in its Opposition recognize, it is the Court's responsibility to make a determination on the substantive arbitrability issue before any procedural issues are deferred to the arbitrator. *See John Wiley & Sons, Inc. v. David Livingston,* 376 U.S. 543, 557 (1964).

Second, CWA's self-serving characterization of Verizon's claim as a "procedural" question that should be determined by the arbitrator is, at best, an oversimplification, and, in Verizon's view, just plain wrong. The fact that CWA has labeled the dispute "'procedural' rather than 'substantive'" does not make it so. As Verizon will more fully set forth in the dispositive motion it files in this case, and as the authorities cited in CWA's Opposition

acknowledge, "labor disputes of the kind involved here cannot be broken down so easily into their 'substantive' and 'procedural' aspects." *John Wiley & Sons, supra,* 376 U.S. at 556. Procedural arbitrability issues generally relate to whether a party has complied with the procedures that are a prerequisite to arbitration. *See id.* at 555-59. In contrast, substantive arbitrability issues relate to whether the parties have agreed to submit a particular kind of dispute to arbitration. *See id*. at 552-55.

Here, the fact that CWA failed to object to Verizon's conduct during the organizing campaign is not in dispute. CWA acknowledges that it did not seek to arbitrate its objections before the election. Verizon's claim is that the various provisions within the MOA delineating the scope of the arbitrator's authority do not include post-election objections and further that, in its entirety, the MOA evinces the Parties' mutual intent to exclude such objections from arbitration. Given the purpose of the MOA – a critical element of which is that Verizon is entitled to a year of unqualified peace after CWA loses an election – post-election objections are substantively different from pre-election objections. It is not just a matter of timing; post-election objections have vastly different incentives and consequences for the parties. Simply put, post-election objections are an entirely different animal than pre-election objections. The mere fact that Verizon's claim turns, in part, on when CWA lodged its objections does not convert its substantive arbitrability challenge into a mere question of procedure. *See, e.g., International Brotherhood of Electrical Workers v. XL Electric, Inc.,* 380 F.3d 868, 870-71 (5th Cir. 2004) ("The fact that the inquiry involves timing does not automatically classify it as a procedural question within the province of the arbitrator. Thus, the district court did not err undertaking an analysis of whether the dispute [] was subject to the Agreement.").

Third, the authorities upon which CWA relies should be discounted to the extent that they all involved grievances submitted to arbitration pursuant to a collective bargaining agreement. In that context, the courts are inclined to exalt "the preference of national labor policy for arbitration" over the "principles of law governing ordinary contracts" because "a collective bargaining agreement is not an ordinary contract." *John Wiley & Sons, supra*, 376 U.S. at 550. However, the rationale that justifies treating a collective bargaining agreement differently from an ordinary contract does not apply to a neutrality agreement like the MOA. The MOA does not "cover[] the whole employment relationship" or "call[] into being a new common law" as would a collective bargaining agreement. *Id*. To the contrary, the MOA is in place because there is no collective bargaining agreement covering the Verizon facilities subject to the MOA. The scope of the MOA is narrowly tailored to address CWA's organizing efforts at these facilities, and to require arbitration only in the limited circumstances enumerated in the MOA. In short, the arbitrability question involved in this case remains at issue, and Verizon should not be denied the opportunity to explore evidence directly relevant to the disposition of that question.

**B. The Discovery Verizon Seeks Bears Directly On Whether The Parties Intended To Exclude Post-Election Objections From Arbitration**

CWA's second argument is that the discovery sought is "self-evidently irrelevant" because Verizon is not a party to the AT&T neutrality agreement. This argument is self-evidently wrong.

The issue presently before the Court is whether Verizon should be afforded limited discovery to explore CWA's admissions related to the AT&T neutrality agreement. The scope of discovery, as defined by Rule 26(b)(1) of the Federal Rules of Civil Procedure, generally extends to "any matter, not privileged, that is relevant to the claim or defense of any party." While trial courts enjoy considerable discretion in handling discovery matters, a trial court

abuses its discretion when it denies or curtails discovery that is directly relevant to the issues before the court. *See, e.g., CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 994 (7th Cir. 2002); *Benson v. Tocco, Inc.*, 113 F.3d 1203, 1209 (11th Cir. 1997).

Verizon has explained that the Court should allow it to explore CWA's admissions related to the AT&T neutrality agreement because this evidence will demonstrate the Parties' mutual intent under the MOA that objections about conduct during the course of an organizing campaign must be raised *during* the campaign. Nowhere in the Opposition does CWA squarely address, let alone refute, the ample authority Verizon has cited in support of its assertion that such extrinsic evidence is directly relevant to the ultimate disposition of the contract interpretation dispute involved in this case.

Instead, CWA asserts only that the AT&T agreement is irrelevant because Verizon is not a party to that agreement, which completely misses the point. By virtue of Verizon's initiation of these proceedings, it should go without saying that Verizon did not intend for post-election objections to be arbitrable under the MOA. It is axiomatic that Verizon's position on this issue is undisputed, and therefore that Verizon is not seeking discovery regarding the AT&T agreement for purposes of demonstrating its own intent. Rather, Verizon clearly is seeking discovery regarding CWA's admissions related to the AT&T agreement because these admissions are evidence that CWA shared Verizon's understanding that post-election objections are not arbitrable under the MOA. In particular, CWA's admissions related to the AT&T agreement are evidence that it understood how neutrality agreements generally operate in the telecommunications industry and that CWA has recognized that other neutrality agreements to

which it is a party do not authorize post-election objections. Thus, contrary to CWA's position, the discovery sought is directly relevant to demonstrate CWA's intent regarding the MOA.[1]

**C. The California Arbitration Will Not Resolve The Dispute In This Case; Whatever The Outcome, The Parties Will Still Need A Decision From This Court**

CWA's final argument is that Verizon's request for discovery is premature because it will be moot if Verizon prevails in the California arbitration, and Verizon could seek to vacate an adverse decision. There are two main reasons why the Court should reject this argument.

First, it would be inconsistent with applicable principles of federal labor law for the Court to defer a matter to arbitration where the substantive arbitrability of the dispute remains genuinely in question. As the authorities CWA cites in its Opposition uniformly recognize, substantive arbitrability issues are to be decided by the court, not the arbitrator. *See, e.g., John Wiley & Sons, supra,* 376 U.S. at 552-56; *Washington-Baltimore Newspaper Guild v. The Washington Post*, 959 F.2d 288, 291 (D.D.C. 1992); *Westinghouse Hanford Co. v. Hanford Atomic Metal Trades Council,* 940 F.2d 513, 521 (9th Cir. 1991). These authorities further recognize that this role is reserved to the courts because arbitration is a matter of contract interpretation, and parties should not be compelled to arbitrate matters that they have not agreed to submit to arbitration. *See John Wiley & Sons, supra*, 376 U.S. at 547 ("the duty to arbitrate being of contractual origin, a compulsory submission to arbitration cannot precede a judicial determination that the collective bargaining agreement does in fact create such a duty").

---

[1] In addition, what is "self-evidently irrelevant" is CWA's assertion that the Haller declaration constitutes hearsay. But that has no bearing on whether discovery should be permitted. Rule 26(b)(1) expressly provides that "relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The main purpose of Verizon's Motion is to secure the opportunity to reduce the information described in the Haller declaration to a form competent to support a dispositive motion. S*ee generally* Fed.Rule Civ.Proc. 56(e). If the Court permits Verizon to depose AT&T employee, Lori Smith, and Ms. Smith corroborates the information contained the Haller declaration, CWA's statements to Ms. Smith would be admissible party admissions, not hearsay. *See* Fed.Rule Evid. 801(d)(2).

Assigning this role to the courts instead of arbitrators encourages parties to freely enter into arbitration agreements, which advances federal labor policy favoring arbitration.

Second, awaiting the outcome of the California arbitration will only serve to postpone the inevitable. As CWA acknowledges, whatever the outcome of the California arbitration, the parties will likely end up before this Court in the future. Even if Verizon were to prevail in the arbitration, it would still need a declaratory judgment from this Court because the California arbitration involves the merits of CWA's objections to Verizon's conduct during the organizing campaign, not the substantive arbitrability question at issue in these proceedings. Because the arbitrability question involved in this case encompasses all of the former GTE facilities owned and operated by Verizon, the dispute in this case is bigger than the dispute in the California arbitration.

Moreover, CWA filed a counterclaim in this action, in which it too seeks a judicial resolution of the arbitrability question; CWA obviously agrees with Verizon that the parties need for this Court to weigh in on the question of whether the MOA authorizes the arbitration of post-election objections. Neither Verizon, CWA, nor the Court gains anything from delaying a judicial ruling on this question until the California arbitration is completed -- whenever that might be.

## III.  CONCLUSION

For the reasons set forth in Verizon's Memorandum in Support of its Motion to Reconsider the Stay of Discovery, and for the reasons set forth above, the Court should vacate the stay and permit the limited discovery that Verizon has requested.

Dated:  December 5, 2007

Respectfully submitted,

    /s/ Thomas M. Beck
Willis J. Goldsmith (D.C. Bar No. 945956)
Thomas M. Beck (D.C. Bar No. 437680)
JONES DAY
51 Louisiana Avenue, N.W.
Washington D.C.  20001-2113
Phone:  (202) 879-3939
Fax:  (202) 626-1700

Attorneys for Plaintiff Verizon
Services Organization Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th Day of December 2007, a copy of the foregoing Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion to Reconsider the Stay of Discovery was electronically filed. Notice of the filing will be sent to all parties by operation of the Court's electronic filing system.

       /s/ Thomas M. Beck
Attorney for Plaintiff Verizon Services Organization Inc.