UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------X
VERIZON SERVICES                    :
ORGANIZATION INC.,                  :
        Plaintiff,                :
                                  :   Civil Action No. 1:07 cv 00834 RWR
v.                                  :
                                  :
COMMUNICATIONS WORKERS OF           :
AMERICA, AFL-CIO,                   :
                                  :
        Defendant.                :
---------------------------------------------------X

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF VERIZON SERVICES ORGANIZATION INC.'S MOTION TO RECONSIDER THE STAY OF DISCOVERY**

Plaintiff and Counterclaim Defendant, Verizon Services Organization Inc. ("Verizon"), by and through its undersigned attorneys, hereby submits this Supplemental Memorandum in Support of its pending Motion to Reconsider the Stay of Discovery in this proceeding, and in support thereof states as follows:

## I.    PRELIMINARY STATEMENT

This supplemental memorandum provides additional facts bearing on the pending Motion to Reconsider the Stay of Discovery, which Verizon filed in this matter on November 21, 2007. Specifically, the memorandum provides additional information demonstrating that this matter will not soon be mooted by the related arbitration in California.

## II.    PROCEDURAL AND FACTUAL BACKGROUND

On May 4, 2007, Verizon filed a complaint in this Court seeking a declaratory judgment that post-election objections are not substantively arbitrable under its Neutrality and Consent

Election Memorandum of Agreement ("MOA") with the Communications Workers of America, AFL-CIO ("CWA").  At the scheduling conference on August 29, 2007, CWA convinced the Court to stay discovery by arguing, in part, that discovery was unnecessary because the decision in a related arbitration in California might resolve the arbitrability issue involved in this case. Specifically, CWA noted that hearings in the California arbitration were scheduled for October 23 and 24, 2007, and asserted that it made sense to stay these proceedings because the "arbitration award will be rendered soon."  See Transcript of August 29, 2007 Case Management Conference (hereinafter, "Tr.) at p. 4-6.  At the conclusion of the scheduling conference, the Court granted CWA's request, in part, and stayed discovery, but set a schedule for the filing of dispositive motions and invited Verizon to file a motion renewing its request for discovery before the dispositive motions deadline.  Id. at p. 11-13.  The Court reasoned that "it may well be that between now and then the arbitration will result in something that will have some impact on where we go here."  Id. at p. 11.

However, after the October hearing dates in the California arbitration, CWA still had not concluded its case in chief.  On November 21, 2007, Verizon filed a Motion to Reconsider the Stay of Discovery, arguing, among other things, that there was no end in sight in the California arbitration, and that the parties should press on with limited discovery in these proceedings, including a minimal number of document requests, interrogatories and requests for admission, and two depositions.  Verizon proposed adjusting the case schedule so that discovery would be completed by February 1, 2008 and the dispositive motion briefing process would be complete by March 28, 2008.  In its Opposition to Verizon's Motion, CWA again asserted that the requested discovery was unnecessary because the case might soon be mooted by the California

arbitration. CWA noted that four more days of hearing had been scheduled in the California arbitration for February 2008.

### III.   CURRENT STATUS OF THE CALIFORNIA ARBITRATION

Since the parties filed their respective briefs on the discovery issue, the dispositive motions deadlines set forth in the Court's scheduling order have come and gone. The February hearing dates in the California arbitration have been completed and, at this point, Verizon has just begun its case in chief. See Declaration of Margaret Lesesne (hereinafter, "Lesesne Decl.") at ¶ 4, attached as Exhibit 1. Although four more days of hearings have been scheduled for June 2008, Verizon does not expect to complete its case at that time. Id. at ¶¶ 4-6. In addition, even if Verizon were to conclude its case in chief in the next round of hearings, it is possible that CWA will require additional days to present its rebuttal evidence. In short, there still remains no end in sight in the California arbitration. At this point, CWA's speculative assertions that the arbitrator would soon issue a decision, and that the decision might impact these proceedings, have twice been proven false. The latest developments in the California arbitration are proof that CWA can no longer assert in good faith that the arbitrability issue involved in this case may soon be resolved in the arbitration.

Moreover, as set forth more fully in Verizon's initial Memorandum in Support of its Motion, even after the arbitrator issues his decision—whenever that might finally occur, that decision will not obviate the need for these proceedings. Even if Verizon prevails in the arbitration, the arbitrator's decision would only serve to exonerate Verizon for its conduct during that particular organizing campaign. The decision would not fully and finally dispose of the larger question of whether the MOA authorizes the arbitration of post-election objections, which is an issue that will continue to affect the numerous Verizon facilities in several states that are

governed by the MOA.  Even an arbitration decision favorable to Verizon would not prevent CWA from repeating exactly what it has done here:  forcing Verizon to arbitrate a non-arbitrable dispute.  Thus, continuing to postpone these proceedings in deference to the California arbitration would only serve to further delay the inevitable.  Accordingly, this Court should lift the stay of discovery.

## IV.     CONCLUSION

For the reasons set forth in Verizon's Memorandum in Support of its Motion to Reconsider the Stay of Discovery and its Reply to CWA's Opposition, and for the reasons set forth above, the Court should vacate the stay and permit the limited discovery that Verizon has requested.

Dated:  March 14, 2008                                        Respectfully submitted,


    /s/ Thomas M. Beck
Willis J. Goldsmith (D.C. Bar No. 945956)
Thomas M. Beck (D.C. Bar No. 437680)
JONES DAY
51 Louisiana Avenue, N.W.
Washington D.C.  20001-2113
Phone:  (202) 879-3939
Fax:  (202) 626-1700

Attorneys for Plaintiff Verizon
Services Organization Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

------------------------------------------------------X
VERIZON SERVICES                    :
ORGANIZATION INC.,                  :
               Plaintiff,        :
                                 :   Civil Action No. 1:07 cv 00834 RWR
v.                                  :
                                 :
COMMUNICATIONS WORKERS OF           :
AMERICA, AFL-CIO,                   :
                                 :
             Defendant.        :
------------------------------------------------------X

## SUPPLEMENTAL DECLARATION OF MARGARET W. LESESNE

I, Margaret W. Lesesne, declare as follows:

1. I have been employed in the Legal Department of Verizon Communications Inc. and its predecessors (along affiliates, including Verizon Services Organization Inc., collectively, "Verizon") for more than seven years. My current job title is Assistant General Counsel.

2. In my capacity as Assistant General Counsel, one of my areas of responsibility is managing matters involving Verizon's Neutrality and Consent Election Memorandum of Agreement with Communications Workers of America, AFL-CIO ("CWA") related to the former GTE Companies (the "MOA").

3. I am managing and working with the outside counsel that represents Verizon in the arbitration before TPN Louis Zigman ("Zigman") related to Communication Workers of America, AFL-CIO ("CWA")'s attempts to organize Verizon's MCOW facility in Long Beach, California.

4. I attended the hearings that were held in this arbitration on October 23 and 24, 2007. I also attended the hearings that were held from February 9-13, 2008. At that time, additional hearing dates were scheduled for June 2008.

5.  At this point, Verizon has just begun to present its case in chief.

6.  I expect that it will take several more days for Verizon to complete its case in chief.

I have read the foregoing Declaration and declare under penalty of perjury that it is true and correct.

Executed this 13th day of [March] 2008.

_____
Margaret W. Lesesne